UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MARC TETRO, INC.,

                Plaintiff,                19-cv-2691 (PKC)

    -against-                      ORDER

ANN TREBOUX d/b/a PAULA DATESH d/b/a
JEFF WENTZEL,

                Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

Defendant Ann Treboux, who represents herself pro se, moves to dismiss the Complaint in this action for insufficient service of process pursuant to Rule 12(b)(5), Fed. R. Civ. P. She urges that plaintiff Marc Tetro, Inc. ("Tetro") failed to timely effectuate service of process pursuant to Rule 4(m), Fed. R. Civ. P., and that the Court should not have granted Tetro's motion to serve process by alternative means. (Docket # 27.)

Because service of process was timely made pursuant to Rule 4 and Tetro properly obtained a valid Order permitting service of process by alternative means, Treboux's motion is denied.

Tetro filed the Complaint in this action on March 26, 2019. (Docket # 1.) After a pretrial conference of May 30, 2019, the Court granted Tetro's application to extend the time to effectuate service of process to September 20, 2019. (Docket # 10.) Tetro thereafter moved for service by alternative means, submitting an affidavit describing the efforts of Tetro to learn Treboux's true address, including through database searches, a United States Postal Service "Request for Change of Address or Boxholder" search and the use of a private investigation firm,

all without success.  On its motion, Tetro came forward with evidence of an e-mail address used by Treboux in June 2018 in connection with her public-records request relating to the San Francisco Arts Commission and for an application for certification as a street artist or craftsperson.  (Docket # 15.)  Tetro also came forward with evidence of an active Facebook account belonging to Treboux.  Finally, it cited an action brought in this District by Treboux, commenced while the action before this Court was pending, in which she listed her address as 610 Fifth Avenue, P.O. Box #3313, New York, New York 10185.  <u>Ann Treboux v. Anne Trickey a/k/a Mx. Anne Trickey</u>, 19 Civ. 4595 (CM) (Docket # 1-3).  In the course of that action, Treboux listed a second e-mail address on correspondence with the Court.  (19 Civ. 4595, Docket # 3, 4)

The Court granted the motion and entered an Order detailing the means to effectuate alternative service, which was through the two e-mail addresses, the Facebook account and the P.O. Box listed above.  (Docket # 16, 18.)   The Court further extended the time for service under Rule 4(m) by 30 days and concluded that "the foregoing method of service is reasonably calculated to provide actual notice of the action to Ann Treboux."  (Docket # 18.)

An Affidavit of Service filed on January 31, 2020, states that on September 24, 2019, Tetro effectuated service through the Court-approved alternative means, <u>i.e.</u>, the two e-mail addresses, the Facebook account and mailing to the P.O. Box.  (Docket # 46.)  Treboux filed an Answer on October 25, 2019, and filed this motion on that same date.  (Docket # 25, 27.)

Rule 4(m) states in relevant part: "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the

time for service for an appropriate period." As provided by Rule 4(m), the Court granted two timely motions by Tetro to extend the time to serve process on Treboux. The timing of service complied with Rule 4(m).

Treboux also urges that plaintiff should have served her personally and not through alternative means. She asserts, among other things, that "plaintiff followed defendant for two hours in the rain" and "harassed tenants" in an attempt to locate her, and that Tetro should have directed a third party to "wait" at certain locations to effectuate personal service. (Docket # 27.) However, a court may fashion alternative methods of service where the prescribed methods are not practicable. N.Y. CPLR 308(5); Rule 4(e)(1) (providing for service under law of the state in which the district court is located). The Declaration of Tim Sutton set forth facts sufficient to demonstrate why alternative methods of service were warranted in this case, including an inability to identify plaintiff's physical location. (Docket # 15.) Moreover, Treboux does not urge that she was prejudiced by either the timing or method of service, and filed both an Answer and the present motion approximately one month after being served. She has actively litigated this case.

The motion to dismiss is therefore DENIED. (Docket # 27.) The Clerk is directed to terminate the motion. Copies mailed by chambers.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
June 3, 2020