```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MARC TETRO, INC.,

                        Plaintiff,                 19-cv-2691 (PKC)

        -against-                                  ORDER


ANN TREBOUX d/b/a PAULA DATESH d/b/a
JEFF WENTZEL,

                        Defendant.
-----------------------------------------------------------x
```

CASTEL, U.S.D.J.

Plaintiff Marc Tetro, Inc. seeks to voluntarily dismiss this action with prejudice. Defendant Ann Treboux has filed an answer in this action (Doc 25) and hence a voluntary dismissal under Rule 41(a)(A)(i), Fed. R. Civ. P. ("without court order") is not available to plaintiff. Defendant who is pro se opposes dismissal stating, among other things, that "I want to go to trial to finally settle this. I am a portrait painter and my reputation has been called into question many times since the onset of this case." (Ltr. of May 2, 2022; Doc 117.)

Rule 41(a)(2) permits a voluntary dismissal after a defendant has filed an answer to a complaint "only by court order, on terms that the court considers proper." Unless the court otherwise states the dismissal is without prejudice. There are limitations on the court's discretion under the Rule 41(a)(2) where a counterclaim has been asserted but none has been asserted in this case.

Where a voluntary dismissal without prejudice is sought by a plaintiff, the court must consider "plaintiff's diligence in bringing the motion; any 'undue vexatiousness' on plaintiff's part; the extent to which the suit has progressed, including the defendant's effort and

expense in preparation for trial; the duplicative expense of relitigation; and the adequacy of plaintiff's explanation for the need to dismiss." Zagano v. Fordham Univ., 900 F.2d 12, 14 (2d Cir. 1990). But, here, as noted, plaintiff has expressly sought a dismissal with prejudice and thus the defendant is not exposed to the risk of relitigation of this claim.

The Court finds no vexatiousness in plaintiff's pursuit of its copyright claim. The complaint alleges that plaintiff has a federally registered copyright that has been infringed; plaintiff annexes to its complaint a cease and desist letter sent prior to the institution of the action. It alleges that defendant was selling unauthorized copies of plaintiff's work on the streets of San Francisco and New York and on eBay. Plaintiff incorporated photos into the body of the complaint showing the eBay version of the infringing work and the version sold on the streets of New York (the photo also purports to show defendant staffing the sales kiosk at which the works were sold). Defendant denies virtually all allegations of the complaint, but denials do not mean that they are vexatious.

Although the Court had ordered the filing of final pre-trial submissions, no trial date has been set and dismissal at this juncture will eliminate the need for the parties to prepare the submissions. It eliminates the Court's need to consider them and to conduct a final pre-trial conference. Dismissal also avoids the time and expense of summoning jurors to hear the case.

Plaintiff's stated reason for the dismissal is reasonable and plausible: "Given financial constraints caused by the COVID-19 pandemic, Plaintiff no longer seeks to litigate its claim against the defendant. Moreover, Plaintiff does not seek to expend additional judicial resources in resolving this matter." (Doc 116.)

The litigation has been contentious and difficult. The affidavit of Tim Sutton attests to the difficult of serving defendant with process, including the physical addresses and

email addresses utilized by defendant from time to time.  (Doc 15.)  In her eventual answer to the complaint, she lists her address as "Homeless." (Doc 25.)  Plaintiff's counsel contends that he was contacted by a person he identifies as defendant but claiming to be "Peter Dolan" who asserted that defendant was dead. (Ltr. of Oct 11, 2019; Doc 22.)  The Court received communications from "Peter Dolan," "Mary Dolan" and "Ms. Dolan" also asserting that defendant had died.  (Order of Oct. 11, 2019; Doc 23.)  There is no present dispute that defendant is very much alive. Telephone calls and voice mails to Chambers about this case resulted in the unusual step of an Order banning telephone communication with Chambers by the parties to this action.   (Order of Dec. 4, 2019; Doc 38.)  An individual claiming to be the defendant violated the December 4 Order by calling Chambers on February 24, 2020 (twice), March 5, 2020 (three times), April 29, 2020 (eight times), June 3, 2020 (three times), July 10, 2020, July 15, 2020 (eight times), and May 5, 2022 (twice).

       Having fully considered plaintiff's motion and defendant's opposition, plaintiff's motion to dismiss the action with prejudice (Doc 116) is GRANTED and the action is hereby dismissed with prejudice and without costs to either party.  Plaintiff's counsel is directed to serve this Order on defendant and file an affidavit of service within five days.

       The Clerk is respectfully directed to close the case.

       SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
      May 9, 2022